IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON

IN RE:                                 Case No. 19-62330
ALLEN D. IRWIN                    Chapter 7
LISA S. IRWIN                     Judge Kendig

          Debtors

_____/

LISA M. BARBACCI, TRUSTEE               Adv. No. 20-6007

          Plaintiff

     v.

ALLEN D. IRWIN, *et al.*

          Defendants

**MOTION OF POLARIS HOME FUNDING CORP.
AND ROBIN M. OTT FOR SUMMARY JUDGMENT**

     Now comes Robin M. Ott and Polaris Home Funding Corp., by and through counsel,

and pursuant to F. R. Civ. P. 56 made applicable through Bankr. R. 7056 move for summary

judgment. A memorandum in support is attached.

                    Respectfully Submitted,

                    PLUNKETT COONEY

                    **/s/ Amelia A. Bower**          
                    Amelia A. Bower (0013474)
                    300 East Broad Street Suite 590
                    Columbus, Ohio 43215
                    Phone:  614/629-3000
                    Direct:  614/629-3004
                    Fax:    614/629-3019
                    abower@plunkettcooney.com

                    *Counsel for Defendants Polaris Home Funding
                    Corp. and Robin M. Ott*

1

**MEMORANDUM**

This Motion addresses Counts III (Post Petition Transfer Avoidance) and V (Determination of Lien, Claim or other Interest).

Count IV seeks a sale of the property which likely does not apply here.

Count VI seeks the recovery of money from Ryan G. Irwin.

## I. FACTS NOT IN DISPUTE

This proceeding involves the sale of real property located at 736 Pleasant Avenue, Malvern, Ohio 44644 ("Property") from Ryan G. Irwin (married) and Allen D. Irwin (single) to Robin M. Ott pursuant to <u>Complaint Exhibit B</u> which is a deed filed in OR 137 Page 1033 of Carroll County Ohio records on December 6, 2019 ("Ott Deed").

Jennifer Irwin, wife of Ryan G. Irwin, signed the Ott Deed. Lisa S. Irwin, spouse of Allen D. Irwin did not sign the Ott Deed.

Ott paid fair market value of $105,000.00 for the Property. *Response to Interrogatory No. 3.*

The Ott Deed was recorded and executed on December 6, 2019, eighteen days after Allen D. Irwin and Lisa Irwin filed their Chapter 7 petition in the related bankruptcy case ("Petition"). The Debtors included the Property on Form 107, showing that it was owned with a non-debtor, Ryan G. Irwin, with a value of $92,430.00.

Ott financed the purchase of the Property with a residential mortgage loan in the amount of $106,000.00 from Polaris Home Funding Co. ("Polaris") which mortgage was recorded in OR 137 Page 1035 of Carroll County Ohio records on December 6, 2019 ("Ott Mortgage"). <u>Exhibit 1</u>; *Affidavit Ott.*

Although the Ott Deed indicated that Irwin D. Allen was single on December 6, 2019, Irwin D. Allen was, in fact, married to Lisa Allen pursuant to Ohio's common law statute, R.C. § 3105.12(C), on that date as well as on the date of the filing of the Petition.[1]

Irwin D. Allen and Ryan G. Allen acquired title to the Property in survivorship pursuant to a Limited Warranty Deed dated June 27, 2003 and recorded in the office of the Carroll County Ohio recorder on July 9, 2013 in OR 94 Page 675, a true and exact copy of which deed is attached to the Complaint as <u>Exhibit A</u>; *Response to Interrogatory No. 5.*

At the time the Ott Deed and Mortgage were recorded, a copy or notice of the Debtors Chapter 7 petition was not filed in the Office of the Carroll County Recorder. *Response to Interrogatory No. 1.*

## II.     LAW AND ARGUMENT

### A.      This action is barred under 11 U.S.C. § 549(c)

11 U.S.C. § 549(c) creates a condition precedent to the filing of a Complaint to avoid a post-petition transfer of real property by a Debtor:

> (c) The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser. . .

Robin M. Ott paid fair market value for the Property, having obtained purchase money financing to do so.

---

[1] Lisa Irwin reports that she and Allen D. Irwin were married in 1985 pursuant to Ohio's common law statute then in place. Movants do not dispute that fact and accept it as true.

Plaintiff did not file a notice or copy of the petition with the Carroll County Recorder prior to the Ott Deed and Mortgage being filed.

Ott had no knowledge that Allen D. Irwin filed bankruptcy prior to her deed and purchase money mortgage being executed and recorded. *Affidavit Ott.*

As a matter of law, therefore, Ott is deemed to be a bona fide purchaser under Ohio law. *Shaker Corlett Land Co. v. Cleveland,* 139 Ohio St. 536, 41 N.E. 2d 243 (1942) [on the issue of whether tax assessments were a matter of public record at the time of a sale, the Court held that a purchaser who in good faith acquired legal title to land without notice of an existing equity took title free from equity].

Furthermore, having failed to file the petition or a notice of the petition with the Carroll County Recorder, Plaintiff cannot attack the post-petition transfers to Ott and Polaris. *Barbacci v. Wengerd (In re Wengerd),* Bankr. No. 09-62720, Adv. No. 10-6021, 2010 WL 3257835 (Bankr. N.D. Ohio 2010) [where the petition was not filed with the county recorder Plaintiff could not avoid a post-petition transfer].

The Complaint fails to include that Plaintiff generally or specifically complied with § 549(c). Ott and Polaris are entitled to summary judgment on Count III of the Complaint.

**B.     Count V - Determination of Lien, Claim or other Interest**

**(1)      If the post-petition transfer is not avoidable and, thus, there is no   recovery for the benefit of the estate,  there is no statutory purpose for determining the liens, claims or other interests of the Defendants in the real property sold to Ott**

In Count V, the Trustee seeks a determination of the "right, title and interest of the debtors and defendants, Allen D. Irwin and Lisa S. Irwin". *See* Complaint § 26.

The Trustee cites no statutory basis for this request. If the Trustee cannot recover under 11 U.S.C. § 549, there is no interest to be preserved for the benefit of the estate under

11 U.S.C. § 551. Therefore, she is not entitled to a determination of liens, claims or other interests as alleged.

### (2) There is no unvested inchoate dower claim in favor of Lisa Irwin because Allen Irwin and Ryan Irwin held title in survivorship

Plaintiff believes that Lisa Irwin has a dower claim to the Property. *Response to Interrogatory No. 6.* As a matter of law, however, Lisa has no unvested, inchoate dower claim to the Property nor did she have that claim on the date the Petition was filed.

Allen D. Irwin and Lisa S. Irwin were married under Ohio common law permitting non-solemnized marriages prior to 1991. Ott and Polaris do not dispute that Allen and Lisa Irwin are married.

Although he appears to have been married at the time, Allen D. Irwin signed the Ott Deed stating that he was single.

Ryan G. Irwin and Allen D. Irwin held title to the Property as Survivorship tenants. Complaint Exhibit A; *Response to Interrogatory No. 5.* Because that is the case, there is no inchoate dower claim available to Lisa Irwin.

"A spouse has no dower right in real property the other spouse acquired with another as joint tenant with rights of survivorship." 3 Patton and Palomar on Land Titles § 596 (3d ed.); *Jezo v. Jezo,* 23 Wis. 2d 399, 129 N.W. 2d 195, 197 (1964)["dower does not attach to lands held in joint tenancy. . . a widow is entitled to dower out of land in which her husband was seized of an estate of inheritance at any time during the marriage. Since the death of one joint tenant extinguishes his estate, leaving the fee in the survivor, a joint tenancy is not deemed an estate of inheritance, and is not subject to dower"].

Survivorship tenancies are governed in Ohio under R.C. § 5302.17 which reads:

> "A deed conveying any interest in real property to two or more persons and in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301, of the Revised Code, creates a survivorship tenancy in the grantees, and upon the death of any of the grantees, vests the interest of the decedent in the survivor, survivors, or the survivor's or survivor's heirs and assigns."

Statutory dower is an estate of inheritance and operates as a substitute for common law dower:

> "At common law, dower meant the legal right or interest which a wife acquired by marriage in the estate of her husband. . . . Statutory dower, which has replaced common-law dower, is defined as a life estate in one-third of the real property seized as an estate of inheritance at any time during the marriage."

*Deutsche Bank Tr. Co. Ams. v. Smith*, 2008-Ohio-2778, 2008 WL 2349289 ftnt 1 (8th Dist. 2008); R.C. § 2103.02.

In a survivorship tenancy, the estate of inheritance exists between the tenants in survivorship. Thus until such time as there is only one person holding title, there is no dower in the spouse of any survivorship tenant. Accordingly, R.C. § 5302.17 provides that title will pass between and among survivorship tenants until such time as there is a single owner (or the survivorship is otherwise destroyed). Upon the death of the last survivorship tenant, that interest passes to the tenant's "heirs and assigns". R.C. § 5302.17; *See also* R.C. § 5302.20(B) [when there is one surviving tenant alive, "the survivor is fully vested with title to the real property as the sole title holder."].

Ryan G. Irwin and Allen D. Irwin conveyed title to the Property while the survivorship tenancy was intact, therefore, Lisa S. Irwin has no inchoate, unvested dower claim to the Property which is or could have been property of the estate under 11 U.S.C. § 541. Ott and Polaris are entitled to summary judgment on Count V of the Complaint.

6

### (3) Summary judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056, provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party meets its initial burden, the burden shifts to the non-moving party to establish the existence of a fact requiring trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). A fact is "material" only if its resolution will affect the outcome of the proceeding. *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587."

*Hutsell v. Navient,* Bankr. No. 18-61474, Adv. No. 18-06038, 2020 WL 1213600, at *3 (Bankr. N.D. Ohio Mar. 9, 2020).

## III. CONCLUSION

11 U.S.C. § 549(c) requires that a petition or notice be filed in the county in which a debtor owns real property as a condition precedent to the filing of action under that section of the Code.  In order to invoke the provisions of that section, a bona fide purchaser need only show that she lacked knowledge of the "commencement of the case" and paid a "present fair equivalent value" for the Property.

In order to create constructive notice in Ohio, there must be a filing in the county where the property is situated. R.C. §§ 1301.401, 530125(A); *In re Wengerd, infra.* By definition, therefore, Robin M. Ott did not have notice of the filing of the bankruptcy case because the petition or notice of the filing was not recorded in the office of the Carroll County Recorder.

Robin M. Ott paid value for the Property in the form of a purchase money mortgage obtained from Defendant Polaris. In addition, the purchase price for the Property was fully negotiated between the sellers, Ryan G. Irwin and Allen D. Irwin and Defendant Ott.

7

Accordingly, Ott and Polaris are entitled to summary judgment on Count III of the Complaint.

The Trustee also alleges that she is entitled to a determination of liens and interests in the Property, notably a possible inchoate dower right ostensibly held by Debtor Lisa S. Irwin on the date of the filing of the Petition.

At the time of the filing of the Petition, title to the Property was vested in Allen D. Irwin and Ryan G. Irwin as tenants in survivorship. When the Property was sold to Defendant Ott post-petition, Allen D. Irwin and Ryan G. Irwin owned the Property in survivorship. Therefore, as a matter of law, Debtor Lisa S. Irwin did not have an inchoate dower claim to the Property on the date of the filing of the Petition.

Defendants Ott and Polaris are entitled to summary judgment on Count V of the Complaint.

Count IV of the Complaint seeks a sale of the Property assuming that there is an avoidance of Allen D. Irwin's survivorship tenancy under 11 U.S.C. § 549(c). However, the Trustee has failed to meet her burden to avoid the sale to Ott as to that undivided survivorship interest, therefore, Defendants Ott and Polaris are entitled to summary judgment on Count IV of the Complaint.

Respectfully, therefore, on the basis of the foregoing, Robin M. Ott and Polaris Home Funding Corp. move for summary judgment on Counts III and V of the Complaint.

Respectfully Submitted,

PLUNKETT COONEY

**/s/ Amelia A. Bower**
Amelia A. Bower (0013474)
300 East Broad Street Suite 590
Columbus, Ohio 43215
Phone: 614/629-3000
Direct: 614/629-3004
Fax:     614/629-3019
abower@plunkettcooney.com

*Counsel for Defendants Polaris Home Funding*
*Corp. and Robin M. Ott*

<u>SERVICE</u>

I hereby certify that on May 14, 2020 a copy of the foregoing Motion for Summary Judgment of Defendants Polaris Home Funding Corp. and Robin M. Ott was served on the following registered ECF participants, electronically through the court's ECF system at the e-mail address registered with the court:

Michael J. Moran
GIBSON & MORAN LLC
234 Portage Trail
Box 535
Cuyahoga Falls, Ohio 44222

Jennifer Donahue
Rauser & Associates Legal Clinic LLP
401 W. Tuscarawas Street #400
Canton, Ohio 44702

Michael Demczyk
12370 Cleveland Avenue NW
Uniontown, Ohio 44685

The following persons were served by regular US mail:

None

**/s/ Amelia A. Bower**
Amelia A. Bower

Open.10100.01799.23947937-1

10