**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

Dated: 02:12 PM November 3, 2020

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| ALLEN D. IRWIN AND LISA S. IRWIN, | CASE NO. 19-62330 |
| Debtors. | ADV. NO. 20-6007 |
| LISA M. BARBACCI, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | **MEMORANDUM OF OPINION** |
| ALLEN D. IRWIN, et al., | **(NOT FOR PUBLICATION)** |
| Defendants. | |

    Defendants Robin M. Ott ("Ott") and Polaris Home Funding Corp. ("Polaris") (collectively "Defendants") filed a motion seeking partial summary judgment on two counts in Plaintiff's complaint. Plaintiff, the chapter 7 trustee ("Trustee"), responded with a cross-motion for summary judgment.

    The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general

1

order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(K) and the parties have consented to final entries by this court. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

When he filed a joint chapter 7 case with his common-law wife Lisa Irwin[1] on November 17, 2019, Debtor was a joint owner with a right of survivorship of real property located at 736 Pleasant Ave., Malvern, Ohio. In the deed recorded in Carroll County on July 9, 2013, he is identified as married. (Compl., Ex. A, ECF No.1) The joint owner is his son, Defendant Ryan Irwin.

According to Ryan Irwin,[2] he attempted to purchase the property in 2013 but was just short of the amount needed, so his father co-signed the mortgage loan. As a result, and allegedly unbeknownst to him, his father was also identified as a co-owner on the deed. Ryan Irwin contends he made all the payments on the mortgage, paid the real estate taxes, and improved the property, and was the true owner. His father merely accommodated his purchase.

On or about December 6, 2019, Ryan sold the property to Defendant Robin M. Ott for $105,000. She financed the purchase with a mortgage loan from Defendant Polaris Home Funding Corp. Debtor Allen Irwin authorized the sale and also directed that his $31,000+ share of the proceeds be paid directly to Ryan. In the transaction, Allen is identified as single, not married, and his wife did not sign the warranty deed to Ms. Ott.

Upon learning about the transfer, the trustee began a review and ultimately filed the instant adversary proceeding. She alleges four counts:[3] (1) to recover the postpetition transfer under 11 U.S.C. § 549 (identified as paragraph III in the complaint), (2) upon recovery, to sell Debtors' interest in the property free and clear of the co-owner, Defendant Robin M. Ott (paragraph IV), (3) to determine the interests in the property (paragraph V), (4) to recover Allen Irwin's share of the proceeds transferred to Defendant Ryan Irwin (paragraph VI).

## DISCUSSION

### I.  Count I (Recovery of Postpetition Transfer)

---

1 Although Defendants originally denied that Allen Irwin was married, relying on the warranty deed to Ott identifying him as single, they now accept the common law marriage between Allen and Lisa Irwin as fact as stated in page three of their motion for summary judgment.
2 The facts in this paragraph attributable to Ryan Irwin have not been established and are provided for background purposes only.
3 The complaint is mildly confusing because there are four relief paragraphs but the fourth paragraph is identified as the third claim for relief. None of the other paragraphs is numbered with a specific count. Defendants Robin M. Ott and Polaris Home Funding Corp. treated it as a four count complaint, as does the court.

2

20-06007-rk    Doc 40    FILED 11/03/20    ENTERED 11/03/20 14:42:32    Page 2 of 5

In paragraph III of her complaint, Trustee seeks to recover the postpetition transfer of the property to Defendant Robin M. Ott under 11 U.S.C. 549(a). Defendant Ott contends that Debtors' bankruptcy petition was not filed of record in the Carroll County Recorder's Office and that neither she nor Polaris had notice of Debtors' bankruptcy case. Consequently, she is a good faith purchaser protected under 11 U.S.C. § 549(c). Trustee acquiesced to this argument. Consequently, summary judgment in favor of Defendants Ott and Polaris will be granted and the cross-motion denied. Trustee is not entitled to recover the transfer.

## II. Count III (Determination of Interests)

In her third count of the complaint, Trustee asks the court to determine the nature of the interests in the property. Defendants contend that since Trustee cannot set aside the transfer, there is no reason to determine the nature of any property interests, suggesting that no recovery from Defendants is possible and the transaction is beyond examination. The court disagrees. While the transfer is not avoidable, the court can review the transfer to determine the nature of the interests that were conveyed to Ms. Ott. If any interest was property of the bankruptcy estate, that interest may remain irrespective of § 549.

According to Trustee, Debtor Lisa Irwin had a dower interest in the property that became property of the bankruptcy estate. The court agrees that dower interests are property of the estate. Airlines Reporting Corp. v. Lambert (In re Lambert), 57 B.R. 710 (Bankr. N.D. Ohio 1986). Trustee contends that Lisa Irwin's failure to release her dower interest means Defendant Ott took the property subject to the dower interest. Ms. Ott and Polaris disagree, arguing no dower interest exists in property held jointly with a right of survivorship, citing Jezo v. Jezo, 29 Wis.2d 399, 405 (Sup. Ct. Wis. 1964).

According to the applicable portion of the Ohio Revised Code,

> A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage.

O.R.C. § 2103.02. To determine if Trustee is correct, the court must consider whether Allen Irwin was "seized as an estate of inheritance" in the property. This determination is made in accordance with Ohio property law. In re Rosario, 402 B.R. 223, 227-28 (Bankr. N.D. Ohio 2009) (citations omitted).

An "estate of inheritance" is defined as "one that may pass by devise or descent." Ruff v. Baker, 146 Ohio St. 456, 463-64 (1946) (citations omitted). Joint tenants do not pass their interests in property by devise or descent, the interests pass automatically to the surviving joint tenant upon the death of another joint tenant.

> This conforms with the common law of joint tenancies which provides that the surviving joint tenant does not take under the

3

> estate of inheritance because a joint tenant dies leaving no interest
> which he may devise. <u>Hagen v. Schluchter</u> (1964, N.D.), 126 N.W.2d
> 899; <u>Baldenecker v. Behrens</u> (1959, S.D.), 93 N.W.2d 606. Heirs
> and devisees take nothing because the deceased tenant has no estate
> of inheritance to pass on to them. 2 AMERICAN LAW OF PROPERTY,
> § 6.1 (1952).

<u>In re Miller</u>, 1984 WL 5469, *4 (Ohio Ct. App. 8th 1984); <u>see</u> <u>also</u> <u>Grogan v. Garrison</u>, 27 Ohio St. 50, 61 (1875) (stating "[a]t common law it was imperative as a requisite of dower that the husband should be sole seized. Upon estates held in joint tenancy no dower would attach." Lit., sec. 45; 1 Scribner on Dower, 257.) In further explanation,

> There is a clear distinction between estates in joint tenancy as
> existing at the common law and estates in common. In the
> former the estate of all the joint tenants was regarded as one
> estate and no dower attached, but in case of tenancy in common
> each cotenant had a separate freehold estate and inchoate dower
> in the latter case attached to the undivided interest immediately
> upon seizin of the husband.

<u>Fleming v. Morningstar</u>, 17 Ohio Dec. 430, 432 (Ct. Com. Pl. 1904).

Allen Irwin and Ryan Irwin owned the Malvern property as joint tenants with a survivorship right. Since the property was not subject to pass to another by will or intestate distribution, but would automatically pass to the survivor upon death of the co-tenant, Allen Irwin was not seized of an "estate of inheritance." Thus, Lisa Irwin cannot claim a dower interest in the property. Trustee's position is rejected.

## **CONCLUSION**

Trustee's failure to record a copy of the bankruptcy petition with the Carroll County Recorder renders Ms. Ott a good faith purchaser of the Malvern property under 11 U.S.C. § 549(c). As a result, Trustee cannot avoid the postpetition transfer of the property. Count one of the complaint fails and will be dismissed.

For a dower interest to arise under O.R.C. §2103.02, the property-owning spouse must be "seized as an estate of inheritance." Joint tenancies with a right of survivorship are not estates of inheritance because they do not pass by devise or descent. Consequently, Lisa Irwin could not obtain a dower interest in property her husband held as a joint tenant with a right of survivorship. Count three of Trustee's complaint against Defendants will be dismissed.

An order will be issued with this opinion.

#   #   #

**Service List:**

Amelia A. Bower
Plunkett & Cooney
300 E Broad Street
#590
Columbus, OH 43215

Michael J. Moran
Gibson & Moran
PO Box 535
234 Portage Trail
Cuyahoga Falls, OH 44222

Jennifer Elizabeth Donahue
Rauser & Associates LP
401 W. Tuscarawas Street
Suite 400
Canton, OH 44702

Michael V. Demczyk
12370 Cleveland Avenue NW
PO Box 867
Uniontown, OH 44685